204 F.3d 397 (2nd Cir. 2000)
 JAMES LICHTENBERG, on behalf of himself and all others similarly situated, JOHN BANSBACH, on behalf of himself and all others similarly situated, Plaintiffs-Appellees,
v.
BESICORP GROUP INC., MICHAEL F. ZINN, MELANIE NORDEN, MICHAEL J. DALEY, GERALD A. HABIB, RICHARD E. ROSEN, STEVEN I. EISENBERG, Defendants-Appellants,
BGI ACQUISITION CORP., MARTIN E. ENOWITZ, and BGI ACQUISITION LLC, Defendants.
 Docket No. 99-7858
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Motion Argued: August 24, 1999
Decided: February 17, 2000
 
 Motion to dismiss appeal from orders of the United States District Court for the Southern District of New York, William C. Conner, Judge, granting preliminary injunction and denying reconsideration.
 Motion granted as to appeal from injunctive order; motion denied as to appeal from order denying reconsideration.[Copyrighted Material Omitted]
 TIMOTHY J. MacFALL, New York, New York (Curtis V. Trinko, Bernard Persky, Diane Zilka, Goodkind Labaton Rudoff & Sucharow, Harold B. Obstfeld, New York, New York, on the brief), for Plaintiffs-Appellees.
 DAVID C. BURGER, New York, New York (Robinson Brog Leinwand Greene Genovese & Gluck, New York, New York, on the brief), for Defendants-Appellants.
 Before: WINTER, Chief Judge, KEARSE and STRAUB, Circuit Judges.
 Chief Judge Winter dissents, in a separate opinion.
 KEARSE, Circuit Judge:
 
 
 1
 Defendants Besicorp Group Inc. et al. (collectively "Besicorp") have filed a notice of appeal from two orders of the United States District Court for the Southern District of New York, William C. Conner, Judge, (1) granting the motion of plaintiffs James Lichtenberg et al. for a preliminary injunction, and (2) denying reconsideration of the injunctive order. Plaintiffs have moved to dismiss the appeal on the ground that the notice of appeal was not timely filed. Besicorp contends that the appeal is timely or, alternatively, that it is saved by the doctrine of "unique circumstances." For the reasons that follow, we grant the motion to dismiss insofar as the appeal seeks review of the injunctive order, but not insofar as it seeks review of the order denying reconsideration.
 
 I. BACKGROUND
 
 2
 The present suit was brought as a class action under the federal securities laws to challenge the sufficiency of the disclosures made by certain of the defendants in the solicitation of proxies in connection with a proposed merger. Plaintiffs moved for a preliminary injunction either enjoining the shareholder vote on the proposed merger until curative disclosures could be made or requiring the transfer of certain contingent assets and/or liabilities of Besicorp to a spin-off company created by the merger. Following briefing and argument of the motion, the district court informed the parties that, in light of the imminence of the proposed merger, the court would immediately enter an order granting the motion to the extent of ordering the requested transfer of assets/liabilities and that it would issue as soon thereafter as possible an opinion explaining the ground for the injunction. Accordingly, on March 18, 1999, the district court entered an order ("Order" or "March 18 Order") requiring the assets/liabilities transfer and stating that the injunction was issued "subject to a written Opinion to be filed by the Court." March 18 Order at 1. The Order further stated that any "motion for reconsideration or reargument of this Order and the forthcoming Opinion" should be filed within 10 days of entry of the written opinion. Id. at 2. The written opinion was entered on March 29, 1999 ("March 29 Order"), and set forth the district court's reasons for granting the injunction. Given the requirement of Fed. R. Civ. P. 65(d) that "[e]very order granting an injunction ... shall set forth the reasons for its issuance," see generally Firemen's Fund Insurance Co. v. Leslie & Elliot Co., 867 F.2d 150, 151 (2d Cir. 1989) (per curiam); Small v. Kiley, 567 F.2d 163, 164 (2d Cir. 1977), the March 29 Order was the operative injunctive order.
 
 
 3
 Under the terms of the March 18 Order, any motion for reconsideration of the March 29 Order would have been due on Monday, April 12, 1999. Sometime between March 29 and April 12, Besicorp sought and received the consent of the plaintiffs and permission from the district court to file a motion for reconsideration one week beyond the deadline set by the Order, i.e., by April 19. Besicorp filed its motion for reconsideration pursuant to Rule 6.3 of the Local Rules for the Southern District on April 19.
 
 
 4
 The district court denied the motion for reconsideration in an Opinion and Order dated June 23, 1999, entered on June 24 ("June Order"), stating in pertinent part as follows:
 
 
 5
 A movant is entitled to reargument and reconsideration of a motion upon demonstrating that the Court overlooked controlling decisions or factual matters that were placed before it on the underlying motion. Local Civil Rule 6.3 .... Local Civil Rule 6.3 is "strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." .... Therefore, a motion for reconsideration and reargument "may not advance new facts, issues or arguments not previously presented to the court."
 
 
 6
 June Order at 1-2. Finding that defendants had failed to show any controlling authority or facts that had been overlooked by the court in deciding the injunction motion, the court denied reconsideration. The court also noted that
 
 
 7
 if defendants intended to make a motion under Fed. R. Civ. P. 59(e) in order to introduce new evidence, then the motion is untimely and cannot be considered by this Court. See Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980) (Rule 59(e) ten-day time limit for filing motion is "jurisdictional and cannot be extended in the discretion of the Court"); see also Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 262 n.5 (1978); Lapiczak v. Zaist, 451 F.2d 79, 80 (2d Cir. 1971); Fed. R. Civ. P. 6(b).
 
 
 8
 June Order at 2 n.2.
 
 
 9
 On July 21, 1999--within 30 days of the June Order, but more than 30 days after the March 29 Order--Besicorp filed a notice of appeal from the March and June Orders. Plaintiffs have moved to dismiss on the ground that Besicorp's motion for reconsideration was untimely under Fed. R. Civ. P. 59(e) and thus did not extend the 30-day period for appeal from the March 29 Order granting the preliminary injunction. Besicorp contends that it moved for reconsideration in timely fashion, having been granted an extension by the court, and that in any event its appeal should be deemed timely under the doctrine of unique circumstances. For the reasons that follow, we conclude the appeal is untimely and should be dismissed insofar as it seeks review of the March 29 Order.
 
 II. DISCUSSION
 
 10
 In a private civil case, the Federal Rules of Appellate Procedure ("FRAP" Rules) ordinarily allow an aggrieved party to appeal within 30 days from the date of entry of the judgment. See Fed. R. App. P. 4(a)(1). However, the Federal Rules of Civil Procedure ("Civil" Rules) allow a party to move "to alter or amend a judgment," Fed. R. Civ. P. 59(e), and FRAP Rule 4(a)(4)(A) provides that if a party has "timely" filed a motion for alteration or amendment of the judgment under Civil Rule 59(e), or a motion for relief under certain other Civil Rules such as Rule 50(b) for judgment as a matter of law, Rule 52(b) for amended findings of fact, or Rule 59(b) for a new trial, "the time to file an appeal runs ... from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).
 
 
 11
 A "judgment," for purposes of the Civil Rules, is defined to "include[] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Since the Judicial Code permits an appeal from an interlocutory order granting, refusing, or refusing to dissolve an injunction, see 28 U.S.C. 1292(a)(1), an "interlocutory order granting a preliminary injunction is a judgment within the meaning of the rule 4(a)(4) provision relating to a motion under Rule 59 to alter or amend the judgment," Northwestern National Insurance Co. v. Alberts, 937 F.2d 77, 81 (2d Cir. 1991) (internal quotation marks omitted); see also Gill v. Monroe County Department of Social Services, 873 F.2d 647, 648 (2d Cir. 1989) (same re denial of preliminary injunction); Stiller v. Squeez-a-Purse Corp., 251 F.2d 561, 563 (6th Cir. 1958) (per curiam) (same re denial of motion to dissolve preliminary injunction). Thus, if an order granting a preliminary injunction is to be reviewed prior to appeal from the final judgment, the appeal must be taken within 30 days after the date of entry of the injunction unless a timely motion has been made under Civil Rule 59(e) to alter or amend the injunction decision, or under some other pertinent Rule specified by FRAP Rule 4(a)(4)(A) as extending the appeal deadline. See, e.g., Northwestern National Insurance Co. v. Alberts, 937 F.2d at 81-82; see also Favia v. Indiana University of Pennsylvania, 7 F.3d 332, 337-38 (3d Cir. 1993) (30-day limit may not be circumvented by seeking relitigation of the original issues in the guise of a motion to dissolve or modify the injunction and appealing from the denial of that motion); Stiller v. Squeez-a-Purse Corp., 251 F.2d at 563 (same); 16 C. Wright & A. Miller, Federal Practice and Procedure 3924.2, at 208-09 (1996) (review of denial of a motion to dissolve or modify injunction would "not extend to the propriety of the original order").
 
 
 12
 To be timely under Civil Rule 59(e), a motion must be filed within 10 days after entry of the judgment, computed in accordance with Fed. R. Civ. P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded. This time limitation is uncompromisable, for Civil Rule 6(b) provides, in pertinent part, that the district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e)." Fed. R. Civ. P. 6(b); see, e.g., Rodick v. City of Schenectady, 1F.3d 1341, 1347 (2d Cir. 1993) (request for extension of 10day period in which to move for judgment as a matter of law pursuant to Civil Rule 50(b) "[w]as (an impermissible) one"). Thus, although "[t]he running of time for filing a notice of appeal may be tolled, according to the terms of Rule 4(a), by a timely motion filed in the district court pursuant to Rule 52(b) or Rule 59," Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978), "Rule 6(b) prohibits enlargement of the time period prescribed in ... these Rules," id. at 261 n.5.
 
 
 13
 A postjudgment motion requesting alteration or amendment of the judgment but denominated a motion under a Rule other than Civil Rule 59(e) is generally treated as having been made under Rule 59(e), thereby extending the time to appeal, if the motion was filed within the 10day period allowed for a Rule 59(e) motion. See, e.g., Jones v. Unum Life Insurance Co., xxx F.3d xxx, xxx (2d Cir. 1999) (motion citing Rule 60(b)); McCowan v. Sears, Roebuck & Co., 908 F.2d 1099, 1103 (2d Cir.), cert. denied, 498 U.S. 897 (1990) (motion citing Local Rule 3(j), predecessor to the present Local Rule 6.3). "A timely petition for rehearing tolls the running of the [appeal] period .... An untimely request for rehearing does not have the same effect." Browder v. Director, Department of Corrections, 434 U.S. at 267 (internal quotation marks omitted) (emphasis in original). "Rule 4(a) follows the 'traditional and virtually unquestioned practice' in requiring that a motion be timely if it is to toll the time for appeal." Id. at 269.
 
 
 14
 In the present case, Besicorp moved under Local Rule 6.3 for reconsideration of the injunction decision some 15 weekdays after entry of the March 29 Order, i.e., beyond the 10-day period allowed by Civil Rule 59(e) calculated in accordance with Civil Rule 6(a). Since Besicorp's motion was not timely filed under Rule 59(e), it did not have the effect of extending Besicorp's time to appeal. Besicorp's reliance on Ametex Fabrics, Inc. v. Just In Materials, Inc., 140 F.3d 101, 106 (2d Cir. 1998), is misplaced. The appeal time in that case was extended because the motion for reconsideration was filed seven days after the entry of judgment.
 
 
 15
 Besicorp contends alternatively, relying principally on Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2d Cir.), cert. denied, 389 U.S. 970 (1967), that we should deem its notice of appeal timely by applying the "unique circumstances" doctrine set out by the Supreme Court in Thompson v. INS, 375 U.S. 384 (1964) (per curiam). We conclude that the doctrine is not applicable here, given the Supreme Court's explanation of Thompson in Osterneck v. Ernst & Whinney, 489 U.S. 169, 178-79 (1989). In Thompson, the petitioner had filed in the district court a postjudgment motion pursuant to Civil Rule 59 for a new trial, which if timely filed would have tolled the time for taking an appeal. In fact, the motion was filed late, but the district court expressly informed the petitioner, without objection from the government, that the motion had been filed "'in ample time.'" Thompson, 375 U.S. at 385. Accordingly, the petitioner delayed filing his appeal until after the newtrial motion had been decided. The Supreme Court ruled that in light of those "unique circumstances," id. at 387 (internal quotation marks omitted), in which the petitioner (a) filed a motion that, if timely, would have tolled his time to appeal, (b) was then assured by the district court that his motion was timely, and (c) thereafter allowed the actual appeal deadline to pass in reliance on the court's assurance that his motion was timely, the failure to file a timely notice of appeal should be excused. In those circumstances, "fairness required that the Court of Appeals excuse [petitioner's] untimely appeal." Osterneck, 489 U.S. at 178 (explaining Thompson). This Court, in Vine v. Beneficial Finance Co., 374 F.2d 627, applied Thompson's unique circumstances theory where the appellant had filed an untimely postjudgment motion that, if timely, would have tolled the running of the 30day period, because the district court proceeded to hold the untimely motion sub judice for two weeks, until the 30day appeal period expired. 374 F.2d at 632.
 
 
 16
 The Supreme Court in its more recent decision in Osterneck, however, refused to apply Thompson to a party that had mistakenly viewed its initial notice of appeal as effective despite the pendency of a motion that made that notice a nullity. The Court stated that the unique circumstances doctrine "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Osterneck, 489 U.S. at 179.
 
 
 17
 In light of Osterneck, we have held that the unique circumstances principle has no application where the parties stipulated to extensions of time that were prohibited by the Rules, and which the district court approved despite lacking the power to approve. See Endicott Johnson Corp. v. Liberty Mutual Insurance Co., 116 F.3d 53, 57-58 (2d Cir. 1997) ("Endicott"). At issue in Endicott was FRAP Rule 4(a)(5), which, in pertinent part, allows the district court to extend the parties' time to appeal by 30 days past the appeal deadline, but no further. Following the entry of a final judgment, the defendant properly sought one 30day extension of its time to appeal; the parties subsequently stipulated to two further extensions of the time to appeal; and the defendant then moved for a fourth extension. The district court approved all four requests, even though all but the first purportedly established appeal deadlines more than 30 days beyond the original November 29, 1996 deadline and hence were beyond the court's power to grant. This Court, noting that Rule 4(a)(5) did not permit any extension beyond Monday, December 30, stated that
 
 
 18
 [t]he [district] court had no authority to grant the second, third, and fourth motions for adjournments to dates in January and February 1997.... Endicott's joining in that second motion, which was made prior to the expiration of Liberty's properly extended time to appeal, may have served to lull Liberty into not filing a timely notice of appeal; but that fact does not create subject matter jurisdiction in this Court. In the absence of exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests.
 
 
 19
 Endicott, 116 F.3d at 56-57. We rejected the defendant's contention that its appeal following the fourth court-approved extension should be deemed timely under the doctrine of unique circumstances, stating that that doctrine has no application "[w]here ... it is not the court that has misled the party who would appeal, and that party has simply erroneously interpreted the rules with regard to the time for appeal." 116 F.3d at 57. After quoting the Osterneck explanation that Thompson does not apply unless, inter alia, the party has performed an act which, if properly done, would postpone the deadline for filing its appeal, we concluded that
 
 
 20
 [s]ince the first order entered by the district court had already granted as long an extension as was authorized by the Rules, the parties' requests for additional extensions, whether or not timely filed, were acts that could not properly achieve postponement of the deadline for appeal. The fact that the court simply signed orders presented to it, purporting to grant the parties' joint requests for relief, does not constitute "unique circumstances." We see no unfairness in precluding the parties from obtaining relief that the court had no power to grant by means of motions the parties were not authorized to make.
 
 
 21
 Endicott, 116 F.3d at 57-58.
 
 
 22
 The present case too is unsuitable for application of the unique circumstances doctrine, for we see no basis for inferring that the district judge even impliedly led Besicorp to believe that it had properly done an act that would extend its time to appeal, much less that he gave Besicorp any "specific assurance," Osterneck, 489 U.S. at 179, to that effect. The record shows that after entry of the March 29 Order, Besicorp sought and obtained plaintiffs' consent to an extension of its time to move for reconsideration pursuant to Local Rule 6.3; and Besicorp obtained the district court's approval of that extension motion. (See, e.g., Besicorp Memorandum of Law in Opposition to Plaintiffs-Appellees' Motion To Dismiss This Appeal at 1 ("Plaintiffs-Appellees consented to, and the District Court granted, a one-week extension of time for Defendants-Appellants to file a motion for reconsideration and reargument pursuant to Local Civil Rule 6.3.") (emphasis added)). Since there is no indication in the record that Besicorp shared with plaintiffs or the district judge its present vision of its Local Rule 6.3 motion as one made also under Fed. R. Civ. P. 59(e) or as one that would in effect extend its time to appeal from the March 29 Order, there is no basis for inferring that plaintiffs or the court intended to agree to such an effect. Indeed, had Besicorp mentioned such thoughts to the court, it seems plain that the court would have expressly disapproved any extension of the time to move under Rule 59(e), since the court was well aware that it had no authority to grant an extension with respect to that Rule. See June Order at 2 n.2 (noting that "if" Besicorp meant its motion as one under Rule 59(e), the motion was untimely because the "Rule 59(e) ten-day time limit for filing motion is jurisdictional and cannot be extended in the discretion of the Court" (internal quotation marks omitted)). We thus see no manner in which Besicorp received any assurance from the court that its Rule 6.3 motion was tantamount to one under Civil Rule 59(e) or that its appeal time was being extended.
 
 
 23
 The only assurance given by the district court was that Besicorp would be allowed an extra week in which to file its reconsideration motion under Local Rule 6.3. That extension was not forbidden by Civil Rule 6(b), and Besicorp's request for an extension of its time to move under Local Rule 6.3 was thus proper. But a motion under Local Rule 6.3 is not one of those that, under FRAP Rule 4(a)(4)(A), postpones the deadline for appeal. And though a timely motion under Civil Rule 59(e) would have postponed the appeal deadline, any request by Besicorp for an extension of the time to move under that Rule would have been a request that, given the prohibition in Civil Rule 6(b), could not properly be made.
 
 
 24
 In sum, since Civil Rule 6(b) denies the court power to extend the time for a Civil Rule 59(e) motion, a request for permission to file a Local Rule 6.3 motion beyond the period allowed for filing a Civil Rule 59(e) motion cannot properly be treated as a request for permission to file a late Rule 59(e) motion. The district court gave Besicorp no assurance to the contrary, and we conclude that the unique circumstances doctrine does not apply to this case. We therefore grant plaintiffs' motion to dismiss Besicorp's appeal insofar as it seeks to challenge the March Orders.
 
 
 25
 To the extent that Besicorp challenges the June Order denying reconsideration of the injunction, its appeal is timely; and to that extent, plaintiffs' motion to dismiss the appeal is denied. Appeal from such an order, however, calls up for review only the denial of the reconsideration motion, not the merits of the underlying judgment whose alteration was sought. See, e.g., Browder v. Director, Department of Corrections, 434 U.S. at 263 n.7; Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.), cert. denied, 429 U.S. 862 (1976).
 
 CONCLUSION
 
 26
 We have considered all of Besicorp's arguments in support of appellate jurisdiction over the district court's March 29 Order and have found them to be without merit. The appeal is dismissed except to the extent that it challenges the June Order.
 
 
 27
 WINTER, Chief Judge, dissenting from the majority opinion:
 
 
 28
 I would deny the motion to dismiss the appeal from the March 29 Order and hold that Besicorp's notice of appeal from that Order is timely under the unique circumstances doctrine.[1] I therefore respectfully dissent.
 
 
 29
 My colleagues decline to apply the unique circumstances doctrine, reasoning that the circumstances here are unlike those in Thompson v. INS, 375 U.S. 384 (1964) (per curiam), because Besicorp's request for permission to file a late Local Rule 6.3 motion cannot properly be treated as a request for permission to file a late Civil Rule 59(e) motion. According to my colleagues, the only assurance that the district court gave to Besicorp was that it would be allowed an extra week to file its Local Rule 6.3 motion, not that it would be permitted any extra time to file a Civil Rule 59(e) motion. And "a motion under Local Rule 6.3 is not one of those that, under FRAP Rule 4(a)(4)(A), postpones the deadline for appeal." Maj. Op. At 13. I view this approach as overly rigid.
 
 
 30
 Local Rule 6.3 simply adds flesh to the skeletal procedure set out in Civil Rule 59(e); it does not establish a reconsideration procedure distinct from that already provided by Civil Rule 59(e). See generally Maryland Tuna Corp. v. The MS Benares, 429 F.2d 307, 318 n.7 (2d Cir. 1970) ("[A] specific authorization of a post-judgment procedure by local court rule is covered inferentially by the general language of Fed.R.Civ.P. 59 . . . ."). Consistent with this view, we have previously held that a motion for reconsideration submitted pursuant to a local district court rule and within ten days of entry of the underlying judgment is properly treated as a Civil Rule 59(e) motion. See McCowan v. Sears, Roebuck & Co., 908 F.2d 1099, 1103-04 (2d Cir. 1990) (holding that a timely motion made pursuant to Local Rule 3(j), the predecessor to Local Rule 6.3, was "properly one under [Fed. R. Civ. P.] 59(e)"); Maryland Tuna Corp., 429 F.2d at 318 & n.7 (reconsideration motion filed within 10 days of underlying judgment pursuant to then-S.D.N.Y. Local R. 9(m) tolled commencement of appeal period; "it makes no difference to appealability that the motion was described as one filed under Southern District Rule 9(m) rather than Fed.R.Civ.P. 59(e)"). Under this approach, it is clear that if Besicorp had filed a Local Rule 6.3 motion within the ten-day period set out in that Rule, the time for appeal would not have commenced until after the district court disposed of the motion. See Fed. R. App. P. 4(a)(4)(A)(iv); City of Hartford v. Chase, 942 F.2d 130, 133-34 (2d Cir. 1991) ("Motions for reconsideration under [D. Conn. Local Rule] 9(e) . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) . . . . As such, for purposes of [Fed. R. App. P.] 4(a)(4), . . . a motion under local rule 9(e) must be treated the same as a motion under Rule 59."); Maryland Tuna Corp., 429 F.2d at 317-18; cf. McCowan, 908 F.2d at 1103 (holding that motion for reconsideration made pursuant to local rule was functionally a Civil Rule 59(e) motion "regardless of [its] label" and therefore notice of appeal filed during pendency of that motion was a nullity). I would carry this approach a further step and view Besicorp's request for an extension of time to file a Local Rule 6.3 motion as functionally a request for an extension of time to file a Civil Rule 59(e) motion. Cf. Chase, 942 F.2d at 133-34 (holding that motion for reconsideration submitted pursuant to local rule but after the 10-day period prescribed by that rule nonetheless operated to toll the commencement of the appeal period because the district court disposed of the untimely application). So viewed, I regard this case as materially indistinguishable from Thompson.
 
 
 31
 Here, as in Thompson, if Besicorp's motion for reconsideration had been timely filed, the thirty-day period for filing a notice of appeal would have begun only after the court disposed of the motion. See Fed. R. App. P. 4(a)(4)(A)(iv). And, when Lichtenberg consented to, and the district court granted, Besicorp's request for a one-week extension of time, the district court provided express assurance to Besicorp that a late-filed reconsideration motion would be properly made, and that, therefore, the running of the time for an appeal would be tolled. This extension to file a Local Rule 6.3 motion -- in effect an extension to file a Civil Rule 59(e) motion -- is, in all material respects, identical to the district court's express assurance to Thompson that his late-filed Civil Rule 59(e) motion was submitted "'in ample time.'" Thompson, 375 U.S. at 385. Of course, the district court assured Thompson that his motion was timely only after it was filed, whereas here the district court granted Besicorp's requested extension before it made its reconsideration motion. But nothing in the unique circumstances rule, as set forth in Thompson or as restated in Osterneck v. Ernst & Whinney, 489 U.S. 169, 178-79 (1989), requires that the district court make an assurance of timeliness only after a late-filed Civil Rule 59(e) motion has been made. All that is necessary in this regard is that the movant allow the appeal period to expire in reliance on a district court's assurance that the reconsideration motion, the timely filing of which would toll the commencement of the appeal period, has been properly filed. See Osterneck, 489 U.S. at 179 ("Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.").
 
 
 32
 That is precisely what happened here. In reliance on the consented-to and judicially sanctioned extension, Besicorp filed its reconsideration motion outside the ten-day period provided by Local Rule 6.3 and Civil Rule 59(e). While that motion was pending, the appeal period commenced and expired without any indication from the district court that the motion was untimely or any objection from Lichtenberg. Cf. Thompson, 375 U.S. at 386 (agreeing with Thompson that "if any question had been raised about the timeliness of the motions [in the district court], petitioner could have, and presumably would have, filed the appeal within 60 days of the entry of the original judgment, rather than waiting, as he did, until after the trial court had disposed of the post-trial motions"). Finally, as in Thompson, Besicorp "filed the appeal within the assumedly new deadline [within thirty days of the district court's disposition of the reconsideration motion] but beyond the old deadline [within thirty days of entry of the March 29 Order granting the preliminary injunction]." Thompson, 375 U.S. at 387.
 
 
 33
 I thus find this case indistinguishable from Thompson and would apply the unique circumstances rule set out in that case and restated in Osterneck, because by filing its Local Rule 6.3 motion within the one-week extension granted by the district court, Besicorp "performed an act which, if properly done, would [have] postpone[d] the deadline for filing [its] appeal and . . . received specific assurance by a judicial officer that this act ha[d] been properly done." Osterneck, 489 U.S. at 179; see also Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2d Cir. 1967) (untimely reconsideration motion submitted more than 10 days after underlying order pursuant to parties' stipulation operated to toll commencement of the appeal period where district court indicated its retroactive approval of the stipulation by holding the motion sub judice until more than 30 days transpired from date of the underlying order). Accordingly, I would hold that Besicorp's filing of the untimely reconsideration motion operated to toll the commencement of the thirty-day appeal period until June 24, 1999, the entry date of the district court order denying the motion.[2] Because Besicorp filed its notice of appeal within thirty days of June 24, 1999, I would deny the motion to dismiss the appeal from the March 29 Order as untimely.
 
 
 34
 Given my position, I obviously agree with the majority that Besicorp's appeal from the June Order was timely. I also agree that, if Besicorp's untimely reconsideration motion is deemed a Civil Rule 60 motion -- as it is on the majority's rationale -- the June Order, which disposed of that motion, is appealable. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). However, for the reasons set forth above, the June Order is properly considered a denial of a Civil Rule 59(e) motion, and such orders are not generally appealable. See Maryland Tuna, 429 F.2d at 316 & n.5; Vine, 374 F.2d at 632. Accordingly, I would dismiss the appeal from the June Order on the ground that we lack appellate jurisdiction over it.
 
 
 35
 I therefore respectfully dissent.
 
 
 
 Notes:
 
 
 [1]
 I use the majority opinion's defined terms (e.g., "March 29 Order," "Local Rule 6.3," and "Civil Rule 59(e)").
 
 
 [2]
 I note that my position would not vitiate the Civil Rule 6(b) prohibition against enlarging the ten-day period within which Civil Rule 59(e) motions must be filed. Lichtenberg could easily have avoided the consequences of the unique circumstances doctrine by not consenting to the one-week extension and bringing Civil Rule 6(b) to the attention of the district court in opposition to Besicorp's application.