11-1546-cv
Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:   RALPH K. WINTER,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                       *Circuit Judges*.

-----------------------------------------------------------------------------------
WOMEN'S INTEGRATED NETWORK, INCORPORATED,

                *Plaintiff-Appellant*,

        v.                                                        No. 11-1546-cv

UNITED STATES SPECIALITY INSURANCE COMPANY,

                *Defendant-Appellee*.
-----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:       ELLIOTT M. KROLL (James M. Westerlind, *on the brief*), Arent Fox LLP, New York, New York.

APPEARING FOR APPELLEE:        BRIAN A. COLEMAN, Drinker Biddle & Reath LLP, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final order entered on April 4, 2011, is AFFIRMED.

Plaintiff Women's Integrated Network, Inc. ("WIN") appeals from the denial of a Fed. R. Civ. P. 60(b) motion for reconsideration following the dismissal of its complaint seeking indemnity against defendant United States Specialty Insurance Company ("USSIC") for the settlement of claims brought by Robert Knupple, WIN's former chief medical officer, relating to his termination in July 2007. We review the denial of a motion for reconsideration for abuse of discretion, which we will identify if the decision "rests on an error of law or a clearly erroneous factual finding" or if it "cannot be found within the range of permissible decisions." Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011); see also Cash v. Cnty. of Erie, 654 F.3d 324, 339–40 (2d Cir. 2011) (applying abuse of discretion standard to Fed. R. Civ. P. 59(e) motion for reconsideration), cert. denied, 132 S. Ct. 1741 (2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Reconsideration of Motions Panel Order

Preliminarily, WIN seeks reconsideration of a decision by a motions panel of this court to dismiss its appeal from the underlying judgment of dismissal as untimely due to the late filing of its motion for reconsideration under Fed. R. App. P. 4(a)(4)(A)(vi). See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d at 124 (holding that court lacked jurisdiction over appeal from judgment dismissing complaint because motion for

2

reconsideration was filed outside 28-day window imposed by Fed. R. App. P. 4(a)(4)(A)(vi)). Although we may revisit decisions of a motions panel, we will not do so "absent cogent or compelling reasons." Shomo v. City of New York, 579 F.3d 176, 186 (2d Cir. 2009) (internal quotation marks omitted). Here, WIN raises no arguments regarding the timeliness of its notice of appeal that the motions panel did not consider. Instead, it continues to insist that its untimeliness should be excused under the "unique circumstances" tolling doctrine. See Harris Truck Lines, Inc. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962), overruled by Bowles v. Russell, 551 U.S. 205 (2007).

Bowles v. Russell abrogated the unique circumstances doctrine in the context of jurisdictional rules. See In re Am. Safety Indem. Co., 502 F.3d 70, 73 (2d Cir. 2007). Granted, whether Fed. R. App. P. 4(a)(4)(A) is a jurisdictional or claim-processing rule has not been decided by this court. Even assuming, without deciding, that it is a claim-processing rule, however, and that Bowles did not abrogate the unique circumstances doctrine with respect to such rules, the doctrine is of no help to WIN. In Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397 (2d Cir. 2000), we faced a situation almost identical to this one, in which the district court had agreed to extend the deadline for filing a S.D.N.Y. Local Rule 6.3 motion beyond the deadline for filing a timely motion for reconsideration under Fed. R. Civ. P. 59(e). See id. at 401. We held that since the such an extension contained no specific assurance about the motion's timeliness under Fed. R. App. P. 4(a)(4)(A), the unique circumstances doctrine did not excuse the motion's untimeliness

3

under that rule.  See id. at 403.  In light of Lichtenberg, we identify no cogent or compelling reason warranting reexamination of this issue, and we thus decline to reconsider the motions panel's order.

2.	District Court Denial of Motion for Reconsideration

Because we lack jurisdiction over the judgment dismissing WIN's complaint, WIN is left on this appeal to argue that the district court abused its discretion in denying reconsideration.  We are not persuaded.

Although WIN ostensibly filed its motion under Rule 60(b), "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances," Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted), the district court treated the motion as if it were filed under Rule 59(e), examining whether it had overlooked any controlling decisions or facts in dismissing WIN's complaint, see Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  Finding that it had not and that WIN had failed to present any new facts or intervening law, the district court concluded that WIN was simply attempting to re-litigate an issue already decided, which was insufficient to sustain its burden in seeking reconsideration.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  We identify no error in this determination.

In moving for reconsideration, WIN contended that (1) its settlement with Knupple was intended to resolve his wrongful termination claims; (2) although the settlement amount

4

was informed by the wages and the stock options allegedly owed to Knupple under his employment contract, the payment was intended to resolve Knupple's claims for wrongful termination, not breach of contract, which were plainly covered by the USSIC insurance policy; and (3) even assuming that WIN in fact had settled claims for breach of contract, USSIC would still be obligated to indemnify WIN under the terms of the insurance policy and as a matter of law. These are essentially the same arguments that WIN made in unsuccessfully contesting USSIC's motion for judgment on the pleadings, and the district court was correct that WIN's motion for reconsideration failed to raise any controlling law or new facts that the district court did not consider.

To the extent WIN submits that the district court erred in declining to exercise its discretion to correct an error or manifest injustice, see Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d at 125; Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004), we identify no abuse of discretion. Even if we were to assume, without deciding, that the district court misconstrued the insurance policy or misapplied governing law in granting dismissal, we would not conclude that this is a case presenting "exceptional circumstances" warranting relief. Ruotolo v. City of New York, 514 F.3d at 191. The proper recourse for WIN was to file a timely appeal to this court, which would have permitted de novo review of the district court's dismissal of its complaint. See, e.g., L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). WIN's failure to do so does not transform its ordinary motion to reconsider a fully litigated issue into the exceptional case where reconsideration must be

5

granted to avert a miscarriage of justice. If any error of law in the district court's dismissal of the complaint went uncorrected, it was because WIN filed an untimely notice of appeal, not because the district court denied WIN's motion for reconsideration. For that reason, we cannot say that the district court's decision not to exercise its discretion in this case constituted an error of law or fell outside the range of permissible decisions. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d at 125; see also Samuels v. N. Telecom, Inc., 942 F.2d 834, 837 n.2 (2d Cir. 1991) (holding that relief under Fed. R. Civ. P. 60(b) is unavailable to correct mistake attributable to counsel's misunderstanding of law or local rules).

We have considered WIN's remaining arguments, and conclude that they are without merit. The final order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6