Brown v. State Farm Fire & Casualty Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand fourteen.

PRESENT:
   ROBERT A. KATZMANN**,**
    *Chief Judge,*
   ROBERT D. SACK**,**
   GERARD E. LYNCH**,**
    *Circuit Judges.*

_____

Ralston Brown,

    *Plaintiff-Appellant*,

   v.            13-4707

State Farm Fire & Casualty Co.,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT**:**   Ralston Brown, *pro se*, Bridgeport, CT.

FOR DEFENDANT-APPELLEE**:**   Daniel P. Scapellati, Halloran & Sage, LLP, Hartford, CT.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction in part and **AFFIRMED** in part.

Plaintiff-appellant Ralston Brown, proceeding *pro se*, appeals the judgment of the district court dismissing his claims against State Farm Fire and Casualty Company as barred by the doctrine of *res judicata*, and its subsequent order denying his motion for reconsideration.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107(a) generally require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Therefore, we are "obliged to examine the question *sua sponte*."  *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005).

Under Federal Rule of Appellate Procedure 4(a)(4), if a party timely moves for reconsideration, the time to file an appeal from the underlying judgment runs from the entry of the order disposing of the last such motion. However, tolling occurs only if that motion is filed within 28 days of the entry of judgment. *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400-01 (2d Cir. 2000) (stating that an untimely motion for reconsideration does not extend the time to appeal).  The time limits placed on a Rule 59(e) or Rule 60(b) motion may not be

2

extended by the district court. Fed. R. Civ. P. 6(b); *see also Lichtenberg*, 204 F.3d at 401; *cf. Bowles*, 551 U.S. at 214 (stating that courts have no authority to create equitable exceptions to jurisdictional requirements).

Here, following the entry of judgment on March 13, 2013, the district court purported to extend the time within which Brown could move for reconsideration. Brown filed his reconsideration motion on April 22, 2013, 40 days after judgment was entered. Because his reconsideration motion was not filed within 28 days of the judgment, the time for Brown to file a notice of appeal from the judgment was not tolled. *See* Fed. R. App. P. 4(a)(4); *Lichtenberg*, 204 F.3d at 400-01. The district court subsequently decided the motion for reconsideration on December 5, 2013, and Brown filed his notice of appeal on December 16, 2013. To the extent Brown intended to appeal the underlying judgment, his notice of appeal was untimely, and so we lack jurisdiction to review that judgment. *See Bowles*, 551 U.S. at 214. However, Brown's notice of appeal was timely as to the district court's order denying his reconsideration motion, and so we proceed to review that order. *Cf. Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 198 (2d Cir. 2006).

We review a district court's denial of reconsideration for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). A district court abuses its discretion when its decision: (1) rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions. *Id.* "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

3

255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Upon such review, we conclude that Brown's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order. *Brown v. State Farm Fire & Cas. Co.*, No. 11-cv-1435 (D. Conn. Dec. 5, 2013). The district court properly determined that Brown's claims arose out of the same series of transactions as Brown's previous litigation. To the extent that these claims arose before the commencement of that litigation, then, they are barred by res judicata. To the extent that Brown is attempting to assert claims that arose after the commencement of his previous suit, we conclude that he has failed to state a plausible claim. *See Reville v. Reville*, 93 A.3d 1076, 1087 (Conn. 2014) (noting that in order to state a fraud claim, a plaintiff must allege reliance); *Terracino v. Buzzi*, 1 A.3d 115, 122 n.7 (Conn. App. Ct. 2010) ("[T]here is no civil remedy for perjury).

We have considered all of Brown's remaining arguments on appeal and find them to be without merit. Accordingly, we **DISMISS** Brown's appeal of the district court's underlying judgment for lack of jurisdiction, and we **AFFIRM** the district court's order denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4