Martin CAMACHO, Plaintiff–Appellee,

v.

CITY OF YONKERS, NEW
YORK, Defendant,

Symra D. Brandon; Gordon Burrows,
Individually, and John Spencer, Indi-
vidually, Defendants–Appellants.

No. 99–9285.

United States Court of Appeals,
Second Circuit.

Argued Aug. 9, 2000.
Decided Dec. 28, 2000.

Kim Berg, Lovett & Gould, White
Plains, NY, for Plaintiff–Appellee.

Robert David Goodstein, Goodstein &
West, New Rochelle, NY, for Defendants–
Appellants Brandon and Burrows.

Ching Wah Chin, Assistant Corporation
Counsel, City of Yonkers (William M. Moo-
ney, Corporation Counsel) for Defendant–
Appellant Spencer.

Before: CALABRESI, CABRANES,
and POOLER, Circuit Judges.

POOLER, Circuit Judge:

As we have too often in recent times,
*see, e.g., Lichtenberg v. Besicorp Group,*

*Inc.*, 204 F.3d 397 (2d Cir.2000); *Fruit of the Loom, Inc. v. American Mktg. Enters., Inc.*, 192 F.3d 73 (2d Cir.1999), we dismiss an appeal as untimely under Federal Rule of Appellate Procedure 4(a)(1)(A) despite the appellants' pleas that the rules of a district court or of an individual judge either prevented them from timely filing or suffice to excuse the untimeliness of their filing. Although the law governing this case requires little discussion, we write for two purposes. First, we again warn the bar that the post-judgment motions described in Rule 4(a)(4)(A)(i),(ii), (iv), (v) and (vi) toll the Rule 4(a)(1)(A) period for filing a notice of appeal only when *filed* within ten days of entry of judgment and that no local rule can alter that principle. Second, we respectfully request that the district courts examine court rules and individual judges' rules and consider revising those that serve as a snare for the unwary litigant.

## BACKGROUND

Until late June 1998, Martin Camacho worked as a senior aide for the City Council of the City of Yonkers, New York.[1] Because Camacho spoke Spanish, he worked particularly closely with Councilor Fernando Fuentes and his Spanish-speaking constituents. Fuentes was a member of a minority coalition of the Council that opposed certain plans advocated by the mayor, defendant-appellant John Spencer, and the majority and minority leaders of the Council, defendants-appellants Gordon Burrows and Symra Brandon. Each of the defendants-appellants individually or through a representative warned Camacho that he could lose his job if Fuentes continued his association with the minority coalition, his opposition to defendants' favored projects, or both. One day after the unified opposition of the minority coalition defeated a proposal favored by defendants-appellants, Brandon terminated Camacho.

Camacho claims that the three appellants conspired to effect his firing.

In a complaint filed with the United States District Court for the Southern District of New York on July 6, 1998, Camacho alleged that the defendants violated his right to equal protection, discriminated against him on the basis of race and/or ethnicity in violation of 42 U.S.C. § 1981, deprived him of his right to freedom of speech and association in violation of the First Amendment, and violated state law. Rather than answering, defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because defendants relied on documentary evidence, Judge Conner converted their Rule 12(b)(6) motion to a motion for summary judgment and allowed the parties to conduct discovery and then supplement their opposition and reply papers. *See Camacho v. Brandon*, 56 F.Supp.2d 370, 373 (S.D.N.Y.1999).

In disposing of the motion, the district court dismissed all of Camacho's claims except his First Amendment claim. With respect to the First Amendment claim, the court not only rejected defendants' challenge to its merits but also denied their request for dismissal on qualified immunity grounds. *See id.* at 373–78.

The court clerk's office entered Judge Conner's opinion and order on July 19, 1999. On July 21, 1999, counsel for plaintiff confirmed a July 30, 1999, pretrial conference. Letter of Ann Frank to Hon. William C. Conner dated July 21, 1999. Eight days later, on July 29, 1999, defendants hand delivered a letter to the court setting forth a basis for an *"anticipated* Motion to Reconsider the Opinion and Order dated July 16, 1999" and requesting permission to file such a motion. Letter of Ching Wah Chin to Hon. William C. Conner dated July 29, 1999 (emphasis added). At the pre-trial conference, Judge Conner granted defendants permission to file and

---

**1.** For purposes of this background section, we accept the allegations of the complaint as true.

serve a motion for reconsideration. In a letter dated August 2, 1999, Brandon's and Burrows' counsel confirmed the briefing schedule established by the court, which required that defendants file their papers by August 13, 1999. Letter of Robert David Goodstein to Hon. William C. Conner dated August 2, 1999. Brandon and Burrows filed their motion papers on September 3, 1999, and Spencer filed his papers on September 7, 1999.

In an October 15, 1999, opinion and order, the district court noted that "[d]efendants ... have failed to comply with the spirit of Local Civil Rule 6.3, which requires a party seeking to move for reconsideration to serve its motion within ten days after the docketing of the court's determination of the original motion." *Camacho v. Brandon*, 69 F.Supp.2d 546, 548 (S.D.N.Y.1999). Although the court explained that defendants' belated request for a pre-motion conference made it likely that "even if the Court had dispensed with its requirement for a pre-motion conference, service would still have been untimely," *id.* at 549, it also addressed the merits of defendants' motion before denying the request for reconsideration, *see id.* at 549–52.

Defendants filed a notice of appeal on October 27, 1999. On appeal, defendants principally seek reversal of the district court's determination on qualified immunity. Viewing the merits of Camacho's claim as "inextricably intertwined" with the qualified immunity issue, Spencer also asks that we reverse the district court's determination not to dismiss Camacho's First Amendment claim on the merits.

We heard oral argument on August 9, 2000, and on August 10, 2000, we ordered the parties to submit letter briefs and affidavits, if desired, on the issue of timeliness. We have received and considered submissions from each of the parties.

## DISCUSSION

A private party in a civil case generally must file its notice of appeal within thirty days after entry of the order or judgment from which it appeals. *See* Fed.R.App.P. 4(a)(1). However, Rule 4(a)(4)(A) defers the point from which the time for taking an appeal runs until after the disposition of certain pending motions (including a motion "to alter or amend the judgment[2] under Rule 59," *see* Fed.R.App.P. 4(a)(4)(A)(iv)), provided that the party files the motion in a timely fashion. A Rule 59 motion, like all of the other Rule 4(a)(4) tolling motions except a motion for attorney's fees made under circumstances specified in Rule 4(a)(4)(iii), must be filed within ten days of the date of entry of the judgment from which the movant seeks relief. *See* Fed.R.App.P. 4(a)(4)(A)(vi); Fed.R.Civ.P. 50(b), 52(b), 59(b),(e). Moreover, the district court has no power to enlarge the time to file a Rule 50(b), 52(b) or 59(b) or (e) motion. *See* Fed.R.Civ.P. 6(b); *see also Lichtenberg*, 204 F.3d at 401.

Although defendants admit that they did not file their motion papers seeking reconsideration of Judge Conner's original order within ten days, they nevertheless claim that we should find that (1) their letter requesting reconsideration was a motion and was timely because it was *served* within ten days of the original order; or that (2) their motion should be deemed timely filed because Judge Conner granted them reconsideration on July 30, 1999; or finally, that (3) their time to appeal did not begin to run until the October 15th order

---

**2.** Although defendants appeal from an order rather than from a final judgment, Rule 54 of the Federal Rules of Civil Procedure defines a judgment as "a decree and any order from which an appeal lies." For the purposes of this discussion, we assume without deciding that defendants' appeal from the district court's order denying dismissal on qualified immunity grounds is an appealable order and therefore a "judgment" for the purposes of Rule 4(a)(4)(A)(iv) and Federal Rule of Civil Procedure 59(e). *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 105–06 (2d Cir.2000) (discussing application of collateral order exception to qualified immunity defense).

was entered. As we shall discuss, each of these arguments lacks merit based on prior decisions of this court or of the Supreme Court.

■ Defendants first argue that they made their Rule 59(e) motion when they wrote to the court asking permission to make the motion. They reason that Judge Conner's individual rules prevented them from timely filing a Rule 59(e) motion because these rules require that a party wishing to make a motion seek permission in writing prior to filing the motion and that the motion be fully briefed prior to filing. *See* Individual Practices of Judge William C. Conner at 1–2 (revised June 18, 1998). For several reasons, including the language of their own letter, this argument fails. First, Judge Conner's rules did not prevent plaintiffs from making a timely motion. *See Fruit of the Loom,* 192 F.3d at 75–77 (holding that individual practice rule requiring movant to defer filing until motion was fully briefed did not extend time for making Rule 50(b) motion); *cf. Eisemann v. Greene,* 204 F.3d 393, 397 (2d Cir.2000) (holding that court cannot require that litigant obtain permission prior to filing a motion authorized by the Federal Rules of Civil Procedure). Second, defendants' letter refers to an "anticipated motion," by definition a motion that has not yet been made. Third, even if defendants' letter was a motion, it was not filed. Although defendants argue that service should be deemed filing, our precedent precludes this argument. *See Fruit of the Loom,* 192 F.3d at 75 (finding actual filing, not just service, to be required by Rules 4(a)(4) and Rule 50(b)) Even though, unlike *Fruit of the Loom,* the district court in the instant case received the document in question within ten days of the judgment, it still was not filed as required by the Federal Rules of Civil Procedure. Defendants' corollary argument that Southern District of New York Local Rule 6.3 permits service in lieu of filing also lacks merit. *See Lichtenberg,* 204 F.3d at 401 (holding that although Local Rule 6.3 mo-

tion can be treated as Rule 59(e) motion, it does not toll period for taking an appeal if it is not filed within the time limit for a Rule 59(e) motion).

■ Next, defendants argue that Judge Conner effectively granted an oral motion for reconsideration during the July 30 conference and then denied relief on the merits in his October 15, 1999, opinion and order. The record belies this assertion. First, the docket entry for July 30, 1999, does not indicate that the court granted reconsideration. Second, Brandon's and Burrow's notice of motion filed on September 3, 1999, requests reconsideration in addition to dismissal of Camacho's First Amendment claim. Had Judge Conner already granted reconsideration, their request would have been unnecessary. Finally, the district court's October 15th order does not refer to a prior grant of reconsideration. Therefore, no motion for reconsideration was filed until defendants actually filed their written motions in September 1999, long after the August 2, 1999, deadline.

Defendants wisely do not argue that the *Thompson v. Immigration and Naturalization Service* unique circumstances doctrine excuses their delayed filing. *See Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964)(*per curiam*). In order to excuse late filing of a notice of appeal, appellants must show that they "performed an act which, if properly done, would postpone the deadline for filing [their] appeal and [have] received specific assurance by a judicial officer that this act has been properly done." *Fruit of the Loom,* 192 F.3d at 76 (internal quotation marks omitted). A judge's individual rules that appear to preclude timely filing do not constitute unique circumstances for reasons that we explained in *Fruit of the Loom.* The words we used there apply here as well:

> The district court's individual practice rule does not constitute a specific assurance by the court that [the appellant]

could postpone filing its 50(b) motion until after it was fully briefed. While [the appellant] may well have been lulled into inactivity by the district court's individual practice rules, the critical fact for purposes of the tolling inquiry is that [the court] never specifically assured [the appellant] that its Rule 50(b) motion would be timely if served on the prevailing party within 10 days of the entry of judgment but filed with the court at a later time. . . .

[The appellant] could have preserved its right to appeal simply by filing its motion within the 10 day period prescribed by Rule 50(b) and explaining to the judge its need to do so, or by filing a notice of appeal of the judgment in order to preserve its appellate rights. Because [appellant] did not take any reasonable measures to preserve its rights, no unique circumstance exists to justify application of an exception to the filing requirements of . . . Appellate Rule 4(a).

192 F.3d at 77 (internal quotation marks and citations omitted).

■ Finally, defendants argue that because Judge Conner reconsidered his prior order, their time to appeal ran from entry of the October 15th order, even though he then adhered to his prior decision. We disagree because defendants rely on inapposite cases and the Supreme Court's decision in *Browder v. Director*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) forecloses defendants' argument.

Two of the cases on which defendants rely—*Bowman v. Lopereno*, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940) and *Director v. Hileman*, 897 F.2d 1277 (4th Cir.1990)—do not address Rule 4(a)(4). The third case defendants cite, *Hartford v. Chase*, 942 F.2d 130 (2d Cir.1991), does interpret Rule 4(a)(4) but does so in a dramatically different context from the one presented here. In *Hartford*, the original parties to a lawsuit entered into a settlement including a confidentiality order. More than ten days after entry of the order, a local newspaper moved to inter-

vene and to vacate the confidentiality order. The district court granted the intervention motion but denied the motion to vacate, reasoning that the order had not been granted improvidently and that the newspaper could resort to freedom of information procedures to obtain disclosure from the City of Hartford, one of the original parties. *See id.* at 133. Six days later, the intervenors moved for reconsideration, arguing that the court's original order would give the city a defense against a freedom of information request. *See id.* The district court issued a new order, adhering to its view that "the Confidentiality Order did not preclude [the freedom of information agency] from ordering the City to disclose materials in its possession related to the lawsuit, but rather precluded only an order requiring disclosure of the court file." *Id.* The original parties then "moved for reconsideration, arguing that the Confidentiality Agreement was an absolute bar to disclosure under the [freedom of information law]." *Id.* The district court entered yet another order that adhered to its original position that the newspaper could obtain disclosure from the city pursuant to the freedom of information law. *See id.* The original parties then filed a notice of appeal that—without any tolling for the motions to reconsider—would have been timely only as to the district court's last order. *See id.* Although we noted that the original parties' "motion . . . was itself technically not timely," we entertained the appeal on all the orders because "the district court entertained the motion and ruled on its merits." *Id.* at 134. Since *Hartford* was decided, it has been cited in this circuit for the proposition relied on by the defendants only in a dissent. *See Lichtenberg*, 204 F.3d at 405 (Winter, Chief Judge, dissenting). Moreover, one prominent commentator has characterized *Hartford* as "taking an unusually casual view." *See* 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3950.4 at 178 n. 11.

*Hartford* addressed a situation in which an outsider to litigation succeeded in obtaining a modification to an order that prejudiced the original parties; in that situation, we excused the original parties' failure to comply with Fed.R. 4(a)(4) by filing a timely reconsideration request. Extending *Hartford* to the current situation in which only the original parties are involved and the court's order on reconsideration did not effect a change in the original order would conflict with *Browder. See id.,* 434 U.S. at 262, 267–270, 98 S.Ct. 556 (holding that petitioner's untimely—as measured by the time limits contained in Rules 52(b) and 59—petition for rehearing and stay of execution did not toll time for taking of appeal despite district court's entertainment of petition on the merits). We therefore decline to extend *Hartford.*

### CONCLUSION

For the reasons we have discussed, we dismiss defendants' appeal. We do so with the hope, however, that this result can be avoided in the future if litigants rely only on the Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure when they calculate the time for taking an appeal and district courts modify their local and individual rules, so they do not lead the unwitting to believe they have preserved a right to appeal when in fact they have not.