**H. George FRANCIS, Plaintiff–Appellee–Cross–Appellant,**

v.

**CITY OF NEW YORK and Human Resources Administration, Head Start Division (HRA Administration for Child Development), Defendants–Appellants–Cross–Appellees.**

Nos. 00–7286, 00–7364.

United States Court of Appeals, Second Circuit.

Jan. 23, 2001.

Charmaine M. Stewart, Rosedale, NY, for plaintiff-appellee-cross-appellant.

Cheryl Payer, for Michael D. Hess, Corporation Counsel of the City of New York; Ellen B. Fishman, Stephen J. McGrath, and Diana Murray, on the brief, for defendants-appellants-cross-appellees.

Present CARDAMONE, CALABRESI, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DIS-MISSED in part and the case is RE-MANDED to the district court.

After two jury trials, the United States District Court for the Eastern District of New York (John Gleeson, *Judge*) entered judgment in this case on September 28, 1999 (the "first judgment"). The district court decided a number of post-judgment motions by order filed February 29, 2000 and entered an amended judgment on March 6, 2000. Defendants' notice of appeal was filed on March 13, 2000; plaintiff's cross-appeal was filed on March 23, 2000. Defendants appeal one issue (whether the district court had subject matter jurisdiction over the complaint) that was not raised and decided until after the first judgment was entered. The other decisions appealed by defendants (the district court's denial of their motions for judgment as a matter of law and for a new trial on liability) and the object of plaintiff's cross-appeal (the district court's grant of defendants' motion for a second trial on damages) (collectively, the "pre-judgment issues") were reduced to judgment on September 28, 1999 and were not revisited in the post-judgment motions. Therefore, the notices of appeal were untimely with respect to the pre-judgment issues, unless there was some basis for extending the time to appeal beyond October 28, 1999. *See* Fed.R .App.P. 4(a)(1)(A); *see also* 9 *Moore's Federal Practice* § 110.14[2] (2d ed. 1996) ("The appeal [from an order deciding a post-judgment motion] permits review only of the order granting or denying relief; it does not permit attack upon the original judgment.").[1]

Defendants argue that plaintiff's September 28, 1999 submission of a letter to the district court tolled the parties' time

1. In *Francis v. City of New York*, 235 F.3d 763 (2d Cir. 2000), we decided defendants' timely appeal with respect to subject matter jurisdiction.

to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Defendants' argument is based primarily upon the district court's ruling, first announced in its February 29, 2000 decision, that the letter constituted a Federal Rule of Civil Procedure 60(b) motion, which, if filed within ten days of entry of judgment, tolls the time to appeal. Fed.R.App.P. 4(a)(4)(A)(vi). Plaintiff had agreed to this proposition on February 11, 2000 at oral argument on the post-judgment motions, and, indeed, the district court based its ruling entirely on the parties' consent.

We hold that plaintiff's letter did not constitute a Rule 60(b) motion, and that this fact could not be altered by the district court's *post hoc* designation to the contrary. The relief requested by plaintiff was "leave to file a motion pursuant to FRCP 60(b)." This relief was granted by the court and a briefing schedule was established on October 1, 1999 (apparently by telephone). Full motion papers were served on November 5, 1999 and not filed until January 20, 2000. Under these circumstances, it is plain that plaintiff's letter was precisely what it purported to be, a request that the district court establish a schedule for briefing of a formal motion, not a motion itself. *See Camacho v. City of Yonkers,* 236 F.3d 112, 114–15 (2d Cir. 2000). As such, it did not toll the parties' time to appeal. *Id.*

■ The district court's later classification of the letter as a Rule 60(b) motion does not alter our conclusion. We have previously emphasized that neither the parties nor the district court may extend the time during which the filing of a post-judgment motion will toll the time to appeal. *See Camacho,* 236 F.3d at 113–14; *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir.2000); *accord* Fed. R.Civ.P. 6(b). Under the present circumstances—where, based on the parties' con-

sent, the district court in essence extended the parties' time to appeal by denominating a letter request as a motion well after the fact—we must disregard the label attached by the district court to plaintiff's letter and cannot treat the letter as a Rule 60(b) motion. We need not, and hence do not, decide whether, in other circumstances, a district court's categorization of the submissions it receives could be given effect.

We also find the present appeal to fall outside the narrow confines of the "unique circumstances" doctrine. *See Lichtenberg,* 204 F.3d at 402–03. That doctrine may be applied to excuse untimely appeals when the district court has assured the parties that a post-judgment motion has tolled the time to appeal. *See id.* Here, the court merely gave permission to move, and then set a schedule, without any indication, either express or implied, that in doing so it was deeming a motion to have been filed for the purposes of triggering Rule 4(a)(4)(A).

Fortunately, defendants prudently and timely moved for an extension of the time to appeal. The district court denied that motion as moot in light of its ruling that a Rule 60(b) motion had been filed within 10 days of the judgment. Because we reject the premise underlying the district court's conclusion as to mootness, we remand this case for a ruling on whether defendants have made the showing of "excusable neglect or good cause" that is required for an extension of time to appeal. Fed.R.App.P. 4(a)(5)(A)(ii); *see also United States v. Carson,* 52 F.3d 1173, 1180 (2d Cir.1995).

With the exception of defendants' appeal of the district court's decision concerning its subject matter jurisdiction, which we have treated elsewhere, *see Francis v. City of New York,* 235 F.3d 763, 2000 WL 1785016 (2d Cir. Dec.6, 2000), we DISMISS as untimely defendants' appeal and

plaintiff's cross-appeal. We also, however, VACATE the district court's denial of defendants' motion to extend the time to appeal and REMAND for the district court to decide that motion.