URSA MINOR LIMITED, a company organized under the laws of the Cayman Islands, B.W.I., Bankers Trustee Company Limited, a company organized under the laws of England, by and through their Attorney–in–Fact, Bear, Stearns International Limited, Plaintiffs–Appellees,

v.

AON FINANCIAL PRODUCTS, INC., a Delaware corporation, AON Corporation, a Delaware corporation, Defendants–Appellants.

Docket No. 00–9261.

United States Court of Appeals, Second Circuit.

April 11, 2001.

130

Edward J. Boyle, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for appellant.

Jayant W. Tambe, Jones, Day, Reavis & Pogue, New York, NY, for appellee.

Present LEVAL and SACK, Circuit Judges, PATTERSON,* District Judge.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the District Court be and it hereby is AFFIRMED.

Defendants Aon Financial Products, Inc., and Aon Corporation appeal from the district court's grant of summary judgment in favor of plaintiffs Ursa Minor Limited and Bankers Trustee Company Limited.

The relevant facts here are straightforward. The Government Service Insurance System (GSIS), a Philippine government entity, issued a surety bond in connection with a loan made by plaintiffs' predecessor in interest to a Philippine land development company. The defendants, who are in the business of insuring risk, entered into a "credit default swap" agreement in which they promised to pay the amount of the surety bond if the GSIS refused to honor it. The GSIS has denied liability on the bond, asserting its invalidity, and the plaintiffs now seek to recover from the defendants under the credit default swap. We affirm for two independent reasons.

We note first that it appears defendants filed a motion for reconsideration with the district court beyond the time mandated by Fed.R.Civ.P. 59(e). The expiration of the period in which a notice of appeal could be filed was not postponed, and the defendants' appeal is therefore untimely. *See* Fed.R.App.P. 4(a)(4)(A)(iv); *Camacho v. City of Yonkers*, 236 F.3d 112, 115 (2d Cir.2000); *Fruit of the Loom, Inc. v. American Mktg. Enters.*, 192 F.3d 73, (2d Cir.1999).

Even if this appeal is timely, we find no merit in any of the defendants'

contentions. To justify their failure to pay the plaintiffs, the defendants make a variety of arguments, all of which ultimately relate to the validity or enforceability of the surety bond. These arguments are unavailing. The credit default swap contains a clear waiver of defenses concerning the invalidity, illegality, or unenforceability of the GSIS surety bond. The defendants cannot raise these defenses, in whatever guise, to defeat recovery on the credit default swap. *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 188 F.3d 31, (2d Cir.1999); *Grumman Allied Indus., Inc. v. Rohr Indus., Inc.,* 748 F.2d 729, 735 (2d Cir.1984) ("[W]here the parties to an agreement have expressly allocated risks, the judiciary shall not intrude into their contractual relationship .... [despite] efforts at semantical legerdemain....").

We have considered all of the defendants' contentions and find no merit in any of them. Accordingly, we AFFIRM the judgment of the district court.