09-1676-cv
Nakshin v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
>    WILFRED FEINBERG,
>    ROBERT A. KATZMANN,
>         *Circuit Judges*,
>    T. S. ELLIS, III,
>         *District Judge*.[*]

_____

GREGORY NAKSHIN,

>    *Plaintiff-Appellant*,

>              v.                                    No. 09-1676-cv

Eric Holder, Jr., Attorney General of the United States,[**]

>    *Defendant-Appellee*.

_____

---

[*] The Honorable T. S. Ellis, III, United States District Judge for the Eastern District of Virginia, sitting by designation.

[**] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric Holder, Jr. is automatically substituted for former Attorney General Alberto Gonzales as appellee in this case.

For Plaintiff-Appellant:                    DENNIS L. FRIEDMAN, Philadelphia, PA

For Defendant-Appellee:                     DANIEL P. FILOR, Assistant United States Attorney
                                            (Ross E. Morrison, Assistant United States Attorney,
                                            *on the brief*), *for* Preet Bharara, United States
                                            Attorney for the Southern District of New York, New
                                            York, NY


Appeal from the United States District Court for the Southern District of New York

(Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the order of the district court entered February 20, 2009, is **AFFIRMED**.

Plaintiff-Appellant Gregory Nakshin appeals from an order of the United States District

Court for the Southern District of New York (Hellerstein, *J.*), entered February 20, 2009, denying

his motion for reconsideration of the district court's order granting summary judgment in favor of

defendant-appellee. We assume the parties' familiarity with the facts, procedural history, and

specification of issues on appeal.

"We review a district court's denial of a motion for reconsideration for abuse of

discretion." *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per

curiam). The threshold for prevailing on a motion for reconsideration is high. "Generally,

motions for reconsideration are not granted unless the moving party can point to controlling

decisions or data that the court overlooked — matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d

Cir. 2003) (quotation marks omitted). In addition, a motion for reconsideration "is not favored

and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo*

2

*v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks omitted).

Here, Nakshin does not point to any legal authority or factual issue that the district court overlooked in reaching the conclusion that he failed to make out a prima facie case of employment discrimination. Rather, his arguments both before the district court on his motion for reconsideration and before us on appeal rehash certain factual issues decided by the district court on summary judgment. Centrally, he argues that the district court should not have relied on the declaration of Joy Fairtile because she was not credible. However, Nakshin points to no evidence that the district court overlooked that contradicts the key factual findings underpinning the district court's conclusion that Nakshin had failed to establish a prima facie case of employment discrimination: 1) the position for which Nakshin had been hired was never filled after his offer of employment was withdrawn, and 2) the U.S. Attorney's Office knew of Nakshin's national origin when they initially offered him the job. We do not find that the district court abused its discretion in denying Nakshin's motion for reconsideration under these circumstances.

Nakshin also attempts to challenge that aspect of the district court's December 16, 2008 order that, after granting summary judgment in favor of defendant, directed the Clerk of the Court to close the case. He argues that the district court erred by closing the case without deciding an issue that had been validly raised and was within its jurisdiction. Specifically, separate from his petition for review of the determination of the United States Merit Systems Protection Board ("MSPB") that he had not been discriminated against, Nakshin also filed a petition for review of the MSPB's denial of his request for attorney's fees. The action he filed seeking attorney's fees, No. 08 Civ. 6249, was consolidated with the action he had previously

3

filed challenging the MSPB's finding that he had not suffered discrimination, No. 07 Civ. 4140, on October 24, 2008. It is true that the district court's December 16, 2008 order does not discuss the merits of his request for attorney's fees, nor does the docket elsewhere indicate that this claim was adjudicated on the merits before the consolidated case was closed.

However, the defendant correctly points out that we lack jurisdiction to review the district court's December 16, 2008 order closing the case because the plaintiff did not timely file a notice of appeal with respect to that order. A notice of appeal in a civil case to which the United States is a party must be filed within 60 days of the entry of the judgment or order appealed from. Fed. R. App. P. 3(a)(1), 4(a)(1). This requirement is jurisdictional, *see Bowles v. Russell*, 551 U.S. 205, 210 n.2 (2007), and while we may construe the rules regarding notice of appeal liberally, we cannot waive the jurisdictional requirements they establish, *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) (per curiam). Nakshin's notice of appeal was filed on April 20, 2009, well over 60 days after the December 16, 2008 order granting defendant's motion for summary judgment and closing the case.

The timeliness of Nakshin's appeal from the district court's February 18, 2009 order denying his motion for reconsideration, does not give us jurisdiction to review the December 16, 2008 order. A motion for reconsideration filed under Fed. R. Civ. P. 59 or 60 will toll the time to file a notice of appeal when filed within 10 days of the underlying order or judgment. *See* Fed. R. App. P. 4(a)(4)(A); *Camacho v. City of Yonkers*, 236 F.3d 112, 114 (2d Cir. 2000). Here, however, Nakshin sought and received a 15-day extension of time to file his motion for reconsideration, which was filed under Local Civil Rule 6.3 of the Southern District of New York. A district court's grant of an extension of time to file a Local Rule 6.3 motion does not

toll the time to file a notice of appeal. *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 403-04 (2d Cir. 2000).

Nor does Nakshin's notice of appeal from the district court's denial of his motion for reconsideration suffice to bring up for our review the underlying order. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). His notice of appeal states only that he is appealing from the denial of his motion for reconsideration. Although we have liberally construed the designation requirement and found that "a notice of appeal from denial of a motion to reconsider, filed within 10 days of the order or judgment sought to be considered, suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made," *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008), a notice of appeal filed outside of the 10-day period brings up for review only the order denying reconsideration, *see id.* at 122 n.5. Moreover, Nakshin's motion for reconsideration does not refer to the issue of attorney's fees.

While we therefore conclude that we lack jurisdiction to consider Nakshin's claim that the district court improperly closed the case without adjudicating the attorney's fees issue on the merits, we neither reach nor decide whether Nakshin has recourse pursuant to Fed. R. Civ. P. 60.

We have considered Nakshin's other arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

5