09-3318-cv
Jordan v. Verizon Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand ten.

PRESENT:  ROSEMARY S. POOLER,
　　　　　　ROBERT D. SACK,
　　　　　　REENA RAGGI,
　　　　　　　　　*Circuit Judges*.

-------------------------------------------------------------------------------------

KATHRYN JORDAN,

　　　　　　　　　*Plaintiff-Appellant*,

　　　　　v.　　　　　　　　　　　　　　　No. 09-3318-cv

VERIZON CORPORATION,

　　　　　　　　　*Defendant-Appellee*,

PAUL HASTINGS,

　　　　　　　　　*Defendant*.

-------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　KATHRYN JORDAN, *pro se*, New York, New York.

APPEARING FOR APPELLEE:　　　KENNETH W. GAGE, Paul, Hastings, Janofsky & Walker LLP, Chicago, Illinois.

Appeal from the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the district court's May 29, 2009 judgment **[Docket No. 26]** is **DISMISSED**, the district court's June 29, 2009 order is **AFFIRMED**, and the motion for default judgment or remand is **DENIED** as moot.

*Pro se* plaintiff Kathryn Jordan appeals from the district court's dismissal of her amended complaint[1] and the denial of her motion for reconsideration, recusal, and sanctions. We assume the parties' familiarity with the facts and record of prior proceedings.

1.      Appeal from the Judgment of Dismissal

Because Jordan's July 27, 2009 notice of appeal was not filed within thirty days of the May 29, 2009 judgment, *see* Fed. R. App. P. 4(a)(1)(A), and Jordan's June 29, 2009 motion for reconsideration was filed more than twenty-eight days after the judgment was entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), we dismiss Jordan's appeal from the May 29 judgment for lack of jurisdiction, *see Bowles v. Russell*, 551 U.S. 205, 209 (2007) (noting that "taking of an appeal within the prescribed time is 'mandatory and jurisdictional'").

2.      Appeal from the District Court's Denial of Reconsideration

On Jordan's timely appeal from the denial of her motion for reconsideration under Fed. R. Civ. P. 60(b), our review is limited to abuse of discretion, and "we must affirm . . . unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001) (internal quotation marks and alteration omitted). We cannot conclude that the district court abused its discretion in this case.

a.      Subject Matter Jurisdiction

A plaintiff asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). When, as in this case, the defendant challenges the factual basis for the plaintiff's assertion of jurisdiction, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619,

---

[1] Jordan's notice of appeal states that she appeals from, *inter alia*, "the full Opinion and Order entered on December 10th, 2008, whereby [the district court] GRANTED Defendant Verizon's Motion to Dismiss Appellant's Amended Complaint." Because the district court entered judgment dismissing Jordan's amended complaint on May 29, 2009, we construe Jordan's notice as seeking to appeal that judgment.

623 (2d Cir. 2003) (internal quotation marks omitted); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).

Here, defendant Verizon Corporation challenged Jordan's allegation that the damages arising from Verizon's alleged breach of its obligation to schedule an exit interview satisfied the $75,000 amount in controversy required for a federal court to exercise diversity jurisdiction. *See* 28 U.S.C. § 1332.[2] In dismissing Jordan's original complaint, the district court noted that Jordan alleged only that damages exceeded $15,000, and directed Jordan to submit a jurisdictional affidavit explaining why damages arising from Verizon's alleged breach exceeded $75,000. In filing her amended complaint, however, Jordan failed to provide any such explanation. Having failed to adduce any evidence that her claim satisfied the amount-in-controversy requirement, Jordan did not carry her jurisdictional burden. *See, e.g.*, *Scherer v. Equitable Life Assurance Soc'y of United States*, 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (internal quotation marks omitted)). Accordingly, we identify no abuse of discretion in the district court's decision declining to reconsider its jurisdictional ruling.[3]

b.    Claims Precluded by Prior Actions

Nor do we identify abuse of discretion in the district court's conclusion that Jordan's claims concerning the negotiation and entry of the settlement agreement were barred by *res judicata*. Our comparison of Jordan's complaints and the district court's judgments in *Jordan v. Verizon Corp.*, No. 02 Civ. 10144 (S.D.N.Y. Aug. 30, 2004), *aff'd*, No. 04-5581-cv, 2005 WL 3116750 (2d Cir. Nov. 22, 2005), and *Jordan v. Verizon Corp.*, No. 02 Civ. 10144, 2007 WL 4591924 (S.D.N.Y. Dec. 27, 2007), indicates that Jordan's claims were, or could have been, litigated in those earlier actions, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

---

[2] Like the district court, we do not consider the challenged pension benefits as part of our review of the amount in controversy because we conclude that any such claim is precluded by the judgments in Jordan's prior actions.

[3] We do not address Jordan's appellate argument that the district court had supplemental jurisdiction over her claims based on their relation to her prior lawsuits, *see* 28 U.S.C. § 1367, because Jordan did not raise such an argument in the district court, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below."). It would be inappropriate for us to address the issue in the first instance because a district court may, in its discretion, decline to exercise supplemental jurisdiction under certain circumstances. *See* 28 U.S.C. § 1367(c); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 392 (2d Cir. 2007).

3

        c.      <u>Recusal of Judge Lynch</u>

Finally, it appears that the only basis for Jordan's motion for Judge Lynch's recusal was her disagreement with his dismissal rulings. Such disagreement "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Our review of the record confirms that "a reasonable person knowing all the facts would not think that the Judge's impartiality might reasonably be questioned." *United States v. Pitera*, 5 F.3d 624, 627 (2d Cir. 1993).

We have considered Jordan's other arguments on appeal and conclude that they lack merit. Accordingly, we DISMISS the appeal from the district court's May 29, 2009 judgment, AFFIRM the district court's June 29, 2009 order, and DENY as moot Jordan's motion for a default judgment or remand.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4