14-723-cv
Weitzner v. Cynosure, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: September 23, 2014      Decided: September 16, 2015)

Docket No. 14-723-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ARI WEITZNER and ARI WEITZNER, M.D.,
P.C., Individually and on Behalf of All Others
Similarly Situated,
                    *Plaintiff-Appellants*,

v.

CYNOSURE, INC.,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before:    LEVAL, CHIN, CARNEY, *Circuit Judges*.

Plaintiffs appeal from the judgment of the United States District Court for the Eastern District of New York dismissing their complaint, which alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), on grounds of *res judicata*. Plaintiffs moved for reconsideration but, in deference to the judge's individual calendar rule prohibiting the filing of motions until the completion of briefing, did not file the motion until after passage of the 28-day time limit prescribed by Fed. R. App. P. ("FRAP") 4(a)(4)(A)(vi) for the motion to toll the time for filing a notice of appeal. Plaintiffs did not file their notice of appeal until after the district court's denial of their motion for reconsideration, which was long after passage of the 30-day limit set by FRAP Rule 4(a)(1)(A) to appeal from the judgment. Because the motion for reconsideration was not filed in time to toll the time for filing the notice of appeal, and the notice of appeal was not filed within the time allowed to appeal the judgment, this Court lacks jurisdiction over the appeal from the judgment. DISMISSED.

Todd C. Bank, Law Office of Todd C. Bank, P.C., Kew Gardens, New York; Osborn Law P.C., New York, New York, *for Plaintiff-Appellants*.

1

14-723-cv
Weitzner v. Cynosure, Inc.

Richard M. Zielinski and Jonathan A. Grippo, Goulston & Storrs, P.C., New York, New York, *for Defendant-Appellee*.

Leval, *Circuit Judge*:

This appeal by Plaintiffs from the dismissal of their complaint by the United States District Court for the Eastern District of New York raises once again the troublesome issue of an appellant's failure to file a timely appeal because of the appellant's compliance with an individual calendar rule promulgated by a district judge. *See Camacho v. City of Yonkers*, 236 F.3d 112 (2d Cir. 2000); *see also Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc.*, 192 F.3d 73 (2d Cir. 1999). Because our court is without jurisdiction to consider an appeal if the notice of appeal was not timely filed, this appeal is dismissed.

**BACKGROUND**

Plaintiffs are Ari Weitzner, an ophthalmologist based in Brooklyn, NY, and Ari Weitzner, M.D., P.C., which is Ari Weitzner's professional corporation ("Plaintiffs"). The complaint alleges that Plaintiffs received four unsolicited faxes sent by Defendant Cynosure, Inc. ("Cynosure"), a Massachusetts-based manufacturer and distributor of light-based products for medical and aesthetic use, and that, by sending these unsolicited faxes, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In addition to pursuing their individual claims, Plaintiffs seek to represent a nationwide class of more than 10,000 similarly-situated persons or entities to which Cynosure allegedly sent unsolicited faxes.

Prior to bringing this action, the corporate plaintiff had brought similar claims against the Defendant in the state courts of Massachusetts. In 2005, it filed a purported class action against Cynosure in the Massachusetts Superior Court, seeking statutory damages and injunctive relief for itself and the putative class members (the "Massachusetts Action"). Following discovery, motion practice, and oral argument on the class certification motion, the Massachusetts Superior Court denied class certification.

Plaintiffs then instituted the instant action in the United States District Court for the Eastern District of New York. Cynosure then confessed judgment in the Massachusetts Action, acknowledging liability for injunctive relief vis-à-vis the plaintiff, and the maximum damages available to the plaintiff under the TCPA. Over the plaintiff's objections, the Massachusetts Superior Court entered final judgment in the case, awarding Ari Weitzner, M.D., P.C., $6,000 in damages and permanently enjoining Defendant from sending unsolicited faxes to it, dismissing the class allegations with prejudice, and awarding Defendant certain costs. Weitzner appealed to the Massachusetts Appeals Court.

While the state appeal was pending, the court below ordered Plaintiffs to show cause why the case should not be dismissed as *res judicata* by reason of the Massachusetts Superior Court judgment. The district court rejected Plaintiffs' request for a stay or administrative closure pending resolution of the state appeal and then dismissed this suit as claim-precluded and issue-precluded. The court entered judgment on March 5, 2013.

Ten days later, on March 15, 2013, Plaintiffs served on Defendant a motion for reconsideration of the judgment under Fed. R. Civ. P. 60(b). Plaintiffs did not "file" the motion

with the court. Fed. R. Civ. P. 5(d). Their failure to file the motion was in observance of the district judge's Individual Rule 3(d), which prohibits litigants from *filing* a motion until the motion is fully briefed and ready for adjudication. The rule instructs the moving party instead to *serve* the motion on the adversary and to advise the court by letter that the motion has been served.[1]

It appears that, having received notification, the district court met with counsel and issued a scheduling order for submission of the not–yet filed motion. The scheduling order, dated March 21, 2013, provided, as requested by the parties, that Cynosure would serve its response to Plaintiffs' motion by April 12, 2013, and that Plaintiffs would serve their reply by April 26, 2013. On April 12, Cynosure timely served its opposition to Plaintiffs' motion. Plaintiffs did not serve their reply until August 14, 2013, at which point Plaintiffs finally filed the fully-briefed motion for reconsideration with the clerk of the district court. Defendant then objected, arguing that the motion should be denied because it was not made "within a reasonable time" as required by Fed. R. Civ. P. 60(c). Without mention of Defendant's untimeliness argument, the district court denied the motion for reconsideration on the merits, entering the order of denial on February 6, 2014. On March 6, 2014, less than thirty days after the district court's denial of the motion for reconsideration, Plaintiffs filed a notice of appeal *from the March 5, 2013, judgment*.

---

[1] "No motion papers shall be filed until the motion has been fully briefed. The notice of motion and all supporting papers are to be served on the other parties along with a cover letter setting forth whom the movant represents and the papers being served. Only a copy of the cover letter shall be filed electronically, as a letter, not as a motion. On the day the motion is fully briefed, each party shall electronically file its moving papers." Judge Margo K. Brodie, Individual Practices and Rules, p. 4, https://www.nyed.uscourts.gov/pub/rules/MKB-MLR.pdf.

14-723-cv
Weitzner v. Cynosure, Inc.

**DISCUSSION**

<u>I. Jurisdiction</u>

The threshold matter we must resolve is Defendant's contention that no appeal lies from the judgment because the notice of appeal was not filed for over a year after its entry – well beyond the 30-day limit prescribed by Fed. R. App. P. ("FRAP") 4(a)(1)(A). The rules provide a mechanism for an appellant to toll this 30-day time limit by filing a motion for reconsideration "no later than 28 days after the judgment is entered." FRAP 4(a)(4)(A)(vi). However, as Plaintiffs did not file their motion for reconsideration for some five months after the entry of judgment, well beyond this 28-day window, Defendant contends that time to appeal from the judgment was not tolled, with the consequence that our court lacks jurisdiction to consider Plaintiffs' appeal from the judgment.

Although Plaintiffs did not *file* the motion for reconsideration within 28 days as the rule's literal terms require, they *served* the motion well within the 28-day period allowed for tolling, raising the question whether the specific requirement to *file* should be strictly interpreted. The drafting history of FRAP Rule 4(a)(4)(A)(vi) suggests that the requirement to file, rather than serve, a motion for reconsideration within 28 days in order to toll time to appeal was a conscious choice.[2] *See also Fruit of the Loom*, 192 F.3d at 75-77 (distinguishing between service and filing of motions).

---

[2] When this provision was first introduced into FRAP Rule 4 in 1993, mere service was required, in keeping with the general structure of FRAP 4(a)(4) at the time:

5

In support of the timeliness of the appeal, Plaintiffs argue that the district court implicitly rejected Defendant's contention that the motion for reconsideration was untimely by ruling on the merits of the motion. But two different time limits are at work here. The issue we face is not whether the motion for reconsideration was timely, permitting it to be considered by the district court. The question is whether that motion was timely for purposes of tolling FRAP Rule 4(a)(1)(A)'s 30-day time limit for the filing of a notice of appeal, under FRAP Rule 4(a)(4)(A)(vi). The district court did indeed ignore Defendant's objection to the motion for reconsideration as not being "made within a reasonable time" pursuant to Fed. R. Civ. P. 60(c). *Compare* JA 158-159 *with* JA 186-198. FRAP Rule 4(a)(4)(A)(vi), however, imposes a more stringent standard for the tolling of time to appeal, explicitly requiring filing of the motion for reconsideration within 28 days of judgment. *See* 16A Fed. Prac. & Proc. § 3950.4 (4th ed.) ("Rule 60(b) allows the motion to be made 'within a reasonable time' . . . . But under Appellate Rule 4(a)(4)(A)(vi) only those Rule

> If any party *makes a timely motion* of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure . . . *for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.*

Fed. R. App. P. 4(a)(4)(F), 28 U.S.C. App. (1994) (emphases added). The 1995 Amendments to FRAP Rule 4, however, transformed Rule 4(a)(4), requiring all motions to be *filed*, rather than merely served, within the relevant window in order to toll time to appeal:

> If any party *files a timely motion* of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure . . . *for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.*

Fed. R. App. P. 4(a)(4)(F), 28 U.S.C. App. (1994 & Supp. II 1996) (emphases added). A later 2009 amendment changed the 10-day window to the current 28-day window.

60 motions filed within the [Appellate Rule's stated limit (now 28 days)] suspend the time for appeal. Thus, the subparagraph makes a time limit of its own rather than simply looking to the Civil Rules to decide the timeliness of a motion.").

Plaintiffs next ask, in effect, that their failure to file within 28 days be equitably excused because the motion would have been filed within 28 days had they not delayed filing so as to comply with the district judge's Individual Rule 3(d), requiring that filing be deferred until the motion is fully briefed. We are not at liberty, however, to grant plaintiffs equitable relief from the 28-day filing requirement unless that requirement should be deemed a "claim-processing" rule rather than a "jurisdictional" rule under the terminology adopted by the Supreme Court in *Bowles v. Russell*, 551 U.S. 205, 213 (2007).[3] The Supreme Court ruled in *Bowles* that the 30-day time limit for the filing of a notice of appeal under FRAP Rule 4(a)(1)(A) is "jurisdictional" and therefore may not be waived for equitable reasons. 551 U.S. at 206-207.

*Bowles* explained that the litmus test for a "jurisdictional" rule is its institutional provenance: time limits that are mandated by statute (as opposed to those resulting from judicial recommendation with congressional acquiescence under 28 U.S.C. § 2074) are "jurisdictional," meaning that they are not subject to waiver or equitable exception. 551 U.S. at 211-212 (noting "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress"). Thus, the *Bowles* Court found that the time limits of FRAP Rules 4(a)(1) and 4(a)(6) were

---

[3] Because appellant has not raised the argument, we do not consider whether Plaintiffs' electronic filing of a letter – within 28 days of the judgment – notifying the district court of their service of the motion for reconsideration, itself might constitute timely filing under FRAP 4(a)(4)(A)(vi), and thus toll the time to file the notice of appeal.

7

"jurisdictional" because, although set forth in a federal rule, these limits were also imposed by Congressional statutes – 28 U.S.C. §§ 2107(a) and 2107(c). *See Bowles*, 551 U.S. at 213 ("Like the initial 30-day period for filing a notice of appeal [28 U.S.C. § 2107(a)], the limit on how long a district court may reopen that period is set forth in a statute, 28 U.S.C. § 2107(c). Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple 'claim-processing rule.'").

The very reasoning that led the Supreme Court in *Bowles* to the conclusion that the 30 days allowed under FRAP Rule 4(a)(1)(A) for a notice of appeal is "jurisdictional," and thus not subject to waiver or equitable exception, suggests that the 28 days allowed for tolling under FRAP Rule 4(a)(4)(A)(vi) should be deemed *not* "jurisdictional." It follows from the reasoning of *Bowles* that the 28-day time limit of FRAP Rule 4(a)(4)(A)(vi), which was adopted in a federal rule but not dictated by act of Congress, should be considered a "claim-processing rule," which *is* subject to equitable exception or waiver.

In light of *Bowles*, several Circuits have revisited and reversed their earlier findings that certain time requirements were "jurisdictional." In each case, the appellate court reasoned that, where time requirements set forth in federal rules were not compelled by statute, they were merely claim-processing rules, subject to waiver and equitable exception. *See, e.g.*, *Lizardo v. United States*, 619 F.3d 273, 276-278 (3d Cir. 2010) (finding that Fed. R. Civ. P. Rule 59(e) is a claim-processing rule, not imposed by statute); *Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 616-618 (8th Cir. 2008) (finding that Fed. R. Civ. P. Rule 50(b) is a claim-processing rule, not

imposed by statute); *Nat'l Ecological Found. v. Alexander,* 496 F.3d 466, 475-476 (6th Cir. 2007) (finding that Fed. R. Civ. P. Rule 59(e) is a claim-processing rule, not imposed by statute). Our Circuit has similarly found, post-*Bowles*, that time requirements under FRAP Rule 4(b) and immigration regulations are claim-processing rules subject to equitable exception and waiver because they are not imposed by statute. *See United States v. Frias*, 521 F.3d 229, 231-234 (2d Cir. 2008); *Khan v. U.S. Dept. of Justice*, 494 F.3d 255, 257-259 (2d Cir. 2007).

So far as we are aware, no Circuit has directly answered whether the 28-day requirement for tolling set forth in FRAP Rule 4(a)(4)(A)(vi) is subject to equitable exception under *Bowles*. In a recent concurring opinion, Judge Jordan of the Third Circuit argued that the logic of *Bowles* necessitates that FRAP Rule 4(a)(4)(A)'s tolling deadlines be deemed claim-processing rather than jurisdictional rules.[4] Judge Jordan's reasoning conforms with a D.C. Circuit decision which, months prior to *Bowles*, applied the Supreme Court decisions on which *Bowles* relied to find that FRAP Rule 4(a)(4)(A)(vi)'s 28-day tolling deadline was indeed a claim-processing rather than a jurisdictional rule, and thus subject to waiver. *Wilburn v. Robinson*, 480 F.3d 1140, 1144-1148 (D.C. Cir. 2007) (citing *Kontrick v. Ryan,* 540 U.S. 443, 452-454 (2004), for the propositions that "only the Congress possesses authority to alter the subject-matter jurisdiction of the lower federal

---

[4] "[T]he Majority declines to state explicitly that Appellate Rule 4(a)(4)(A) is a claims-processing rule that allows a party to waive a timeliness objection. Given the 'jurisdictional' versus 'claims-processing' divide delineated in *Bowles,* however, there is no basis to draw a distinction between Rule 59(e), a rule not dictated by statute, and Appellate Rule 4(a)(4)(A), another rule not dictated by statute. Accordingly, I see no way to avoid the conclusion that Appellate Rule 4(a)(4)(A), like Rule 59(e), is a claims-processing rule. And, if one accepts that 4(a)(4)(A) is a claims-processing rule, it follows that a defense under that rule may be waived." *Lizardo v. United States*, 619 F.3d 273, 282-283 (3d Cir. 2010) (Jordan, J., concurring in part and dissenting in part).

courts" and that "the term 'jurisdictional'" should not be used "to describe emphatic time prescriptions in rules of court"); *cf. Bowles*, 551 U.S. at 210-211 (citing *Kontrick*).

While our Circuit has used the word "jurisdictional" in characterizing an appellant's failure to file a motion for reconsideration in time to qualify for tolling of the time to appeal, it is not clear whether those decisions intended that designation to mean not a claim-processing rule subject to equitable exception under the *Bowles* formula, or simply to mean that an appellant must comply with prescribed time limits to give the appellate court jurisdiction over the appeal. In a case in which the appellant had filed his Fed. R. Civ. P. 60(b) motion shortly after the 28-day tolling deadline of Rule 4(a)(4)(vi) had expired, our Court stated in dismissing the appeal that "[f]iling deadlines are mandatory and jurisdictional." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 (2d Cir. 2011) (per curiam). The decision, however, contained no suggestion that plaintiff sought, and we rejected as impermissible, an equitable waiver or exception with respect to the 28-day tolling deadline. The decision also included no reference to *Bowles* or its distinction between statutorily-mandated "jurisdictional" rules and "court-promulgated" claim-processing rules.

Similarly, in an unpublished summary order, we dismissed an appeal as untimely where the notice of appeal was not filed within 30 days and the motion for reconsideration was not filed within 28 days, citing *Bowles* for the proposition that "taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Jordan v. Verizon Corp.*, 391 F. App'x 10, 11 (2d Cir. 2010) (quoting *Bowles*, 551 U.S. at 209). Once again, the order did not suggest that the appellant

sought a waiver of untimeliness on equitable grounds and that our court was using the "jurisdictional" terminology to mean that equitable exceptions were not available.

We conclude for the reasons explained above that FRAP Rule 4(a)(4)(A)(vi)'s 28-day time limit should be deemed a claim-processing rule that allows for equitable exceptions. Nevertheless, considering a number of the factual circumstances, we conclude that Plaintiffs do not qualify for such an exception. It is true that, were it not for the district judge's Individual Rule, Plaintiffs would in all likelihood have filed their Rule 60(b) motion within 28 days following judgment, and would therefore have qualified for tolling of their time to file notice of appeal. First, however, Plaintiffs had abundant opportunity to ask leave of the court to file the motion, and did not do so. Upon serving the motion, counsel filed a letter advising the court of the motion. The letter included no request to be allowed to file the motion promptly. Following the letter, and well within the allowable 28 days, counsel met with the judge to schedule the briefing and filing of the motion for reconsideration. Plaintiffs again had ample opportunity at that conference to ask the district judge to be excused from delaying the filing until the briefing of the motion was complete, so that the judge's individual rule would not cause Plaintiffs to forfeit their right of appeal. Instead of making such a request, Plaintiffs consented to a scheduling order under which the motion for reconsideration would not be filed until after the passage of 28 days. Furthermore, Plaintiffs delayed their briefing and filing by several months after the date recited in the scheduling order without asking for leave to do so. "Because [Plaintiffs] did not take any reasonable measures

to preserve [their] rights, no unique circumstance exists to justify application of an exception to the filing requirements of . . . Appellate Rule 4(a)." *Fruit of the Loom*, 192 F.3d at 77.[5]

Because Plaintiffs failed to file their motion for reconsideration in time to qualify for tolling of FRAP Rule 4(a)(1)(A)'s 30-day time limit for notice of appeal, and Plaintiffs did not file their notice of appeal until long after passage of the 30 days, Plaintiffs failed to make a timely appeal from the judgment.[6] We must therefore dismiss Plaintiffs' appeal.[7]

## II. Individual Calendar Rules Requiring Delay in the Filing of Motions

The possibility that a party might forfeit a meritorious appeal because the district judge announced a personal rule prohibiting the filing of motions is deeply troubling. As discussed above, it is not so troubling in the present case, first, because counsel had every opportunity to request relief from the district judge's prohibition and failed to do so, and, second, because this appeal appears in any event to be without merit. Nonetheless, the capacity of such a rule to result in the forfeiture of a meritorious appeal is obvious.

An individual judge's rule prohibiting the filing of a motion until the completion of briefing seems of doubtful consistency with the requirement of Fed. R. Civ. P. 5(d)(1) that "[a]ny paper after the complaint that is required to be served . . . must be filed within a reasonable time

---

[5] If we were to construe the rule as jurisdictional, the need to dismiss the appeal would be all the more clear.

[6] The notice of appeal was timely to appeal the denial of the motion for reconsideration. But Plaintiffs have not argued that the district court erred or abused its discretion in denying the motion for reconsideration of the judgment. Their only arguments are directed to the judgment.

[7] We note moreover that Plaintiffs' arguments with which we would have dealt had the appeal been timely appear to be without merit.

after service." *See also* Fed. R. Civ. P. 83(b) (judge may "regulate practice in any manner *consistent with federal law*" (emphasis added)). Furthermore, because important litigating rights can be forfeited by the failure to file a motion within a specified number of days, it seems clear that a judge's adoption of a rule that prohibits reasonably prompt filing runs the risk of causing litigants to lose important litigating rights, including the right to seek on appeal to overturn an erroneous judgment.

Fifteen years ago in *Camacho v. City of Yonkers*, we noted that a judge's individual rule requiring litigants to delay the filing of a motion (in that case the rule required delaying the filing until after a conference with the court) was likely to "serve as a snare for the unwary litigant." 236 F.3d 112, 113 (2d Cir. 2000). We urged district courts to modify such rules "so they do not lead the unwitting to believe they have preserved a right to appeal when in fact they have not." *Id.* at 117. In spite of that exhortation, we have found in studying this forfeited appeal that numerous district judges in this circuit continued to publish individual rules that prohibit the filing of a motion, either until after a conference with the court, or until completion of briefing on the motion. It is a virtual certainty that such rules will continue, on occasion, to cause litigants to forfeit important rights in the good-faith, but erroneous, belief that they cannot be held to have defaulted for failure to file a motion when they are commanded by the judge not to file the motion.

While it is true that in many cases counsel will have the opportunity, as in this case, to ask the judge's leave to file without delay, a judge is not always available to deal promptly with an emergency application. Nor is there a guarantee that all judges will reasonably grant an exception from compliance with their rules. Litigants should not be put in the position of risking to be held in

14-723-cv
Weitzner v. Cynosure, Inc.

contempt for violation of the court's rules – simply for filing with the court a paper whose filing is not only permitted, but also required, by the federal rules.

We have no doubt that the purpose of such individual calendar rules is to assist district courts in dealing with significant administrative burdens. Nonetheless, we are confident that the useful objectives of such rules could be achieved in a manner that would avoid these unacceptable pitfalls.[8] We very strongly recommend that district courts promptly review their individual rules and practices so as to eliminate the unacceptable risk that litigants will forfeit rights because of observance of rules promulgated by individual judges, especially with regard to rules that are of questionable consistency with the governing provisions of the federal rules and statutes.

**CONCLUSION**

Plaintiffs' dilatory motion for reconsideration failed to toll the time to appeal under FRAP Rule 4(a)(4)(A)(vi), and Plaintiffs' notice of appeal was filed more than a year after judgment entered against them. Accordingly, under FRAP Rule 4(a)(1)(A) and 28 U.S.C. § 2107(a), we lack jurisdiction to hear this appeal. As this case underscores the conflict between time requirements in the federal rules of procedure and individual district court rules that require litigants to delay the filing of motions, we very strongly recommend that district courts in our circuit revise their rules to

---

[8] If courts, for example, requested delay in filing as a courtesy to the court, rather than as a command, such a request would surely result in a very high incidence of compliance, essentially achieving the court's administrative objectives while relieving litigants of the risk of contempt should they file in a timely manner. Courts could also reduce the risk of injustice by providing an explicit exception for circumstances where a litigant believes that delay in filing might result in the loss of a right.

14

comply with the federal rules and safeguard litigants' rights under them. The appeal is

DISMISSED.